**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CONTRELL PLUMMER, #B14235, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 3:20-cv-00927-SMY** |
| | ) | |
| C/O MCDONALD, et al,, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff alleges the following in the Complaint (Doc. 1):  Correctional Officer McDonald is responsible for the safety and security of all inmates.  He was the C/O that worked on the wing where Plaintiff lived.  Through his actions or omissions, he denied medical care to Plaintiff.  C/O Holten, C/O Maddox, Lieutenant Peirce, and Lieutenant Myers, who worked in the unit, were informed of Plaintiff's medical conditions but failed to act or intervene.  The Lieutenants have control over the unit and officers.  Chief Administrative Officer Jaimet, Major Adams, and Major

Cleland were informed of Plaintiff's medical condition and the circumstances under which Plaintiff was denied medical treatment via letters, notices and grievances but failed to act. IDOC Director John Baldwin was informed of Plaintiff's medical condition, the circumstances under which he was denied medical treatment, and is responsible for the Americans with Disability Act but failed to act. Any and all Jane/John Does "that have responsibilities and duties to plaintiff" are included in the Complaint.

On one occasion, Nurse Tracy Peak[1] told C/O McDonald and other staff members that Plaintiff needed to come to the health care unit for breathing treatments for his COPD. The C/Os did not acknowledge her. Nurse Peak then stated "Come on guys, I'm really serious!!"[2]

## Discussion

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555. Further, because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

---

[1] Peak is not a defendant.
[2] Plaintiff refers to grievances and other documents attached to the Complaint and "adopts" all language therein.

Here, Plaintiff's vague allegations against McDonald, Holten, Maddox, Peirce, Myers, Adams, Cleland, Jaimet, Baldwin, and the Jane/John Does do not satisfy Rule 8 or *Twombly* pleading requirements. *See Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Plaintiff does not describe what these Defendants did or failed to do to violate his constitutional rights. This applies equally to the Doe Defendants. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. Because Plaintiff failed to allege specific acts of wrongdoing by the Defendants, the personal involvement requirement necessary for § 1983 liability is not met and he fails to state a claim.

The reference to the documents attached to the Complaint is not sufficient to save the Complaint. The Court is not obligated to review the attachments to determine the allegations and claims against the Defendants. Plaintiff is the master of his Complaint and it is his task to comply with the pleading requirements and to state his claims against the Defendants.

For the reasons stated, the Complaint will be dismissed for failure to state a claim for relief. Plaintiff will be granted an opportunity to re-plead his claims.

<u>**Disposition**</u>

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED without prejudice** for failure to state a claim for relief**.** Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **May 26, 2021**. The First Amended Complaint will be subject to review under § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First

Amended Complaint" and use the case number for this action (No. 20-927). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under

4

28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**